DAVID K. WILLINGHAM (SBN 198874)
  dwillingham@kslaw.com
SAMUEL C. CORTINA (SBN 310778)
  scortina@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:   (213) 443-4310

RANDY MASTRO (*pro hac vice application forthcoming*)
  rmastro@kslaw.com
JESSICA BENVENISTY (*pro hac vice application forthcoming*)
  jbenvenisty@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY, 10036
Telephone:  (212) 556-2100
Facsimile:   (212) 556-2222

Attorneys for Defendants
F45 TRAINING HOLDINGS INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DB VENTURES LIMITED,<br><br>                    Plaintiff,<br><br>       v.<br><br>F45 TRAINING HOLDINGS INC.,<br><br>                    Defendant. | Case No.<br><br>**DEFENDANT F45 TRAINING HOLDINGS INC.'S NOTICE OF REMOVAL**<br><br>[Declaration(s) of Samuel C. Cortina and exhibits thereto filed concurrently herewith]<br><br>[Removal from Superior Court of the State of Los Angeles County Superior Court Case No. 22STCV33846] |

NOTICE OF REMOVAL

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant F45 Training Holdings Inc. hereby removes to the United States District Court for the Central District of California this above-captioned state court action, originally filed as Case No. 22STCV33846 in Los Angeles Superior Court, State of California ("State Court Action"). Removal is proper on the following grounds:

## I.   TIMELINESS OF REMOVAL

1. On October 19, 2022, DB Ventures Limited ("Plaintiff DBVL") and ABG-Shark, LLC ("Plaintiff ABG") filed a complaint in the State Court Action against Defendant F45 Training Holdings Inc. ("Defendant F45"), with three claims asserted by Plaintiff DBVL and one claim asserted by Plaintiff ABG ("Original Complaint"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Defendant F45 are filed concurrently with this Notice of Removal as Exhibits A through SS attached to the Declaration of Samuel C. Cortina ("Cortina Decl.").

2. On April 5, 2023, Plaintiff DBVL filed and electronically served an Amended Complaint in the State Court Action as the single plaintiff (*i.e.*, Plaintiff ABG was no longer a party to the State Court Action), and on April 12, 2023, the Los Angeles Superior Court granted Plaintiffs' request to voluntarily dismiss Plaintiff ABG from the State Court Action. The matter then became removable for the first time, as described more fully in Section II, *infra*.

3. Removal is thus timely under 28 U.S.C. § 1446(b)(3) because this Notice of Removal is "filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable."

/ /

/ /

## II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

4. Removal is proper because there is complete diversity of citizenship between Plaintiff DBVL and Defendant F45, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(2). Defendant F45 denies Plaintiff DBVL's factual allegations and denies that Plaintiff DBVL is entitled to the requested relief. Nevertheless, based on the allegations in the Amended Complaint, the prayer for relief, and the Declaration of Samuel C. Cortina, all requirements for federal jurisdiction under § 1332(a) and (c)(1) have been met because the matter is between a "citizen[] of a State and [a] citizen[] or subject[] of a foreign state" and the amount in controversy exceeds $75,000.00. This Court has jurisdiction over this action.

### A. There is Complete Diversity Between the Parties to the Amended Complaint

5. Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Relevant here, "[a] UK private limited company is treated as a corporation for the purposes of diversity subject matter jurisdiction, *SHLD, LLC v. Hall*, No. 15 Civ. 6225 (LLS), 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 2015), and is 'deemed to be a citizen of . . . the State or foreign state where it has its principal place of business,'" 28 U.S.C. § 1332(c)." *EMR (USA Holdings), Inc. v. Goldberg*, No. 18 CIV. 07849 (ER), 2019 WL 5537878, at *14 (S.D.N.Y. Oct. 25, 2019). And "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

6. The parties to the Original Complaint are not completely diverse.[1] Plaintiff ABG alleges in the Original Complaint that it "is a Delaware limited liability company with its principal place of business in New York, New York." (Cortina Decl., Ex. A ("Original Complaint") at ¶ 8.) Plaintiff ABG lists its "shareholders" on its website, including BlackRock Capital Investment Corporation and Brookfield, both of which are Delaware corporations. (Cortina Decl., Ex. SS.) As an LLC, Plaintiff ABG is deemed a citizen in the same states where its members are citizens, which includes Delaware. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant F45 is a Delaware corporation with its principal place of business in Austin, Texas, and is likewise a citizen of Delaware. (Original Complaint at ¶ 9; Cortina Decl. at ¶ 47.); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Plaintiff ABG and Defendant F45 are both residents of the same state, so there was not complete diversity between the parties to the Original Complaint.

7. However, on December 8, 2022, Defendant filed a demurrer to all claims in the Original Complaint on the ground that there had been a misjoinder of the plaintiffs for the purpose of defeating diversity jurisdiction. (Cortina Decl., Ex. T.) The Court sustained the demurrer pursuant to Cal. Civil Code § 378, finding the plaintiffs had misjoined their claims within a single lawsuit. (Cortina Decl., Ex. MM.) On April 5, 2023, Plaintiffs filed a request for dismissal of the lone claim asserted by Plaintiff ABG. (Cortina Decl., Ex. NN.) The Court entered the requested dismissal on April 12, 2023. (Cortina Decl., Ex. PP.) On April 5, 2023, Plaintiff DBVL filed and electronically served an Amended Complaint in the State Court Action as a single plaintiff—*i.e.*, Plaintiff ABG was no longer a party to the State Court Action. (Cortina Decl., Ex. OO ("Amended Complaint").)

8. Accordingly, the only remaining parties to the State Court Action, as of April 12, 2023, are Plaintiff DBVL and Defendant F45.

---

[1] For purposes of this removal *only*, Defendant F45 must assume that Plaintiffs' allegations are true, though Defendant F45 denies that they are true in fact.

9. Plaintiff DBVL "is a UK private limited company with its principal place of business in London, England." (Amended Complaint at ¶ 6.) It is a citizen of England for purposes of diversity jurisdiction. *EMR (USA Holdings), Inc. v. Goldberg*, No. 18 CIV. 07849 (ER), 2019 WL 5537878, at *14 (S.D.N.Y. Oct. 25, 2019); 28 U.S.C. § 1332 (c)(1) (corporation of a foreign state deemed citizen of that foreign state). Plaintiff DBVL and Defendant F45 are thus diverse for purposes of diversity jurisdiction. 28 U.S.C. § 1332(a)(2) (diversity exists between "citizens of a State and citizens or subjects of a foreign state").

### B. The Amount in Controversy Exceeds $75,000.00

10. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except" where the removing party asserts a different amount in controversy in the notice of removal, or where the court determines there is a different amount in controversy based on a preponderance of the evidence. 28 U.S.C. § 1446(c)(2). Neither of those latter two exceptions is applicable here, because the allegations—though disputed by Defendant F45—establish that the amount in controversy exceeds the jurisdictional minimum.

11. Specifically, Plaintiff DBVL alleges that it is entitled to relief in the amount of "no . . . less than" $18.8 million cumulatively for its three claims (Amended Complaint at 14, Prayer for Judgment.) In assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v.*

*Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). Plaintiff DBVL alleges that the amount in controversy far exceeds the jurisdictional minimum of $75,000.00, which is sufficient to meet that requirement.

12. While the amount in controversy requirement is met, Defendant F45 again denies Plaintiff DBVL's allegations and disputes that Plaintiff DBVL is owed any sum whatsoever.

## III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

13. Based on the foregoing facts and allegations, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because:

    a. This is a civil action within the meaning of § 1332(a);
    b. The named parties are diverse as required by § 1332(a)(2); and
    c. The amount in controversy exceeds $75,000.00 as required by § 1332(a).

14. Furthermore, this Notice of Removal was filed within thirty days of receipt of the amended pleading and order of dismissal when it was first ascertained that the case is one which is removable, making it timely under 28 U.S.C. § 1446(a).

15. The United States District Court for the Central District of California is the federal judicial district in which the Los Angeles Superior Court sits. This action was originally filed in the Los Angeles County Superior Court (*see* Complaint), rendering venue in this federal judicial district and division proper. 28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

16. Defendant F45 is the only named defendant, so the requirement that all properly joined and served defendants join or consent to the removal is satisfied under 28 U.S.C. § 1446(b)(2)(A).

17. True and correct copies of all "process, pleadings, and orders served" upon Defendant F45 are filed concurrently within this Notice of Removal as Exhibits A through SS to the Cortina Decl.

//

18. Upon filing the Notice of Removal, Defendant F45 will furnish written notice to Plaintiff DBVL, and will file and serve a copy of this Notice with the Clerk of the Los Angeles County Court, pursuant to 28 U.S.C. § 1446(d).

19. By removing this action to this Court, Defendant F45 does not waive any defenses, objections, or motions available under state or federal law

20. If any question arises as to the propriety of removing this action, Defendant F45 respectfully requests notice and the opportunity to present oral argument in support of their position that this case is removable and properly removed.

21. Accordingly, this action is properly removable under 28 U.S.C. § 1441.

BASED ON THE FOREGOING, Defendant F45 gives notice that it hereby removes this entire action, currently pending in the Superior Court of the State of California, County of Los Angeles, Case No. 22STCV33846, to the United States District Court for the Central District of California. Defendant F45 requests that this Court retain jurisdiction for all further proceedings in this matter.

DATED: May 5, 2023         Respectfully submitted,

KING & SPALDING LLP

By:   */s/ David K. Willingham*
DAVID K. WILLINGHAM
SAMUEL C. CORTINA
RANDY MASTRO (*pro hac forthcoming*)
JESSICA BENVENISTY
(*pro hac forthcoming*)

Attorneys for F45 TRAINING HOLDINGS INC.